UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Calvin Levy | * | No. 2:21-cv-01993 |
| | * | |
| v. | * | Judge Guidry |
| | * | |
| Zurich American Insurance Co, Dynamic Energy International, LLC d/b/a Dynamic Group Holdings, LLC and Emile Dumensnil | * * * | Magistrate Judge Douglas |

**************************************

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT

Diversity is not complete. The defendants admit there are Louisiana citizens on both sides of this case. Their sole justification for removal is that a Louisiana defendant was not <u>served</u> prior to removal. They claim, wrongly, that they may remove a case with <u>incomplete</u> diversity, so long as they remove it prior to service on the Louisiana defendant.

The Fifth Circuit has held that service is irrelevant. If there are parties from the same state on both sides of a lawsuit, a federal court cannot exercise diversity jurisdiction, regardless of whether a local defendant has been served or not. Remand of this case is required by *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873 (CA5 1998).

### Discussion

***A. Plaintiff, Calvin Levy; and Defendant, Emile Dumensnil are both Louisiana residents.***

The plaintiff is a Louisiana citizen. As for the defendants, one is not diverse (Emile Dumensnil), as the defendants themselves admit Removal notice, page 2, paragraph 5.

1

This is fatal to diversity. But the removing parties also failed to describe the citizenship of the other defendants. Zurich American Insurance Company was identified in the removal notice as an "insurer" with a principal place of business in Illinois. Calling Zurich an "insurer" says nothing about its citizenship. See, *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (CA5 2001). Dynamic Energy Services International, LLC gives its state of organization and principal place of business- but this is irrelevant to the citizenship of an LLC. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008) (LLC takes the citizenship of its members).

The defendants might amend to properly plead the citizenships of Zurich and Dynamic Energy. But doing so would not make a difference to the outcome here. The fact that, as all parties agree, Levy and Dumesnil are both citizens of Louisiana, is fatal to federal jurisdiction, and incurable.

A party seeking to invoke the federal court's diversity jurisdiction has the burden of proving that complete diversity exists. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (CA5 1991). In our case, the defendants admit the lack of complete diversity. Their only justification is that Dumesnil has not yet been served with the lawsuit. This is irrelevant under *Deshotel*.

B. **Deshotel *Requires Remand In This Situation***

In *Deshotel*, the Fifth Circuit confronted an identical removal, and held that jurisdiction was absent. As in *Deshotel*, this Court has no choice but to remand for lack of jurisdiction.

*Deshotel* involved a number of lawsuits, but the one that concerns us is referred to as "Smith III " in the *Deshotel* opinion. In that suit, plaintiff Smith filed suit against a diverse defendant (New York Life), and a non diverse defendant, Broussard. New York Life removed,

2

and the district court litigated the case all the way to final judgment. But the Fifth Circuit didn't get to the merits. The Fifth Circuit noticed on its own that there was a lack of complete diversity, and held the judgment must be vacated and the case remanded to state court. The plaintiff's failure to serve Broussard was irrelevant to jurisdiction:

> Broussard's non-diverse citizenship cannot be ignored simply because he was an unserved defendant. A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

*Deshotel*, at 883-84. *Deshotel* cited a slew of authority, not least of which was the Supreme Court's decision in *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939) ("the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant").

*Deshotel* is controlling, on point, and requires remand.

C. **28 USC § 1441(b)(2) Does Not Allow This Removal**

Defendants overlook *Deshotel* but claim in Paragraph 6 of their removal notice, that removal is permitted by 28 USC § 1441(b)(2), because the Louisiana defendant was joined but not ***served*** at the time of removal. This, they claim in Paragraph 5 of the removal notice, creates complete diversity and allows removal.

They are wrong. The thing to understand about 28 USC § 1441 is that it's a removal statute, not a grant of jurisdiction. *Griffin v. Lee*, 621 F.3d 380, 385 (CA5 2010) ("§ 1441(a) provides for removal of certain actions, but it does not confer subject matter jurisdiction upon the district court. It is, at bottom, a procedural statute").

Section 1441(a) generally allows removal in cases where complete diversity is present as determined by 28 USC § 1332- but in our case, complete diversity is not present.

Section 1441(b)(2) is a restriction on removal. It forbids removals that paragraph 1441(a) would have permitted ("A civil action <u>otherwise removable</u> solely on the basis of the jurisdiction under section 1332(a) of this title <u>may not be removed</u> if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") (emphases added).

The defendants stretch the second half of § 1441(b)(2), while ignoring the first. It is clear that (b)(2) only applies to cases where complete diversity is present in the first place. If it is not, there is no need to inquire whether any defendant was served or not. If a suit does not satisfy § 1332(a), removal is not permitted by § 1441(a), and thus you don't even get to the question of whether the <u>limitation</u> upon § 1441(a) provided by § 1441(b)(2) applies. *Energy Management Services, Inc. v. City of Alexandria*, 739 F.3d 255, 259 (CA5 2014) ("Without original jurisdiction, [there is] no jurisdictional hook for removal") (internal citation, quotation omitted). In other words, just like *Deshotel* says, if complete diversity is not present, service is irrelevant.

For this reason the courts have directly rejected the interpretation of § 1441(b)(2) urged by the defendants. If there are plaintiffs and defendants who are citizens of the forum state, § 1441(b)(2) does not authorize removal merely because one or more local defendants has not been <u>served</u>. Service or lack of service is irrelevant. *Folse v. Ace American Ins. Co.*, 2016 WL 7115021, 2:16-cv-15635, Doc. 14 (EDLA 12/7/2016) ("the law is abundantly clear that a nonresident cannot seize an opportunity to remove a case to federal court before a resident co-defendant is served. Ultimately, when complete diversity does not exist, the question of

whether all defendants were served is never reached"); *Monette v. Cox Communications*, 2006 WL 2524166, 2:06-cv-03425, Doc. 8 (EDLA 8/30/2006) ("individual defendants' non-diverse citizenship cannot be ignored simply because they were unserved defendants"); *Schwegmann Bros. Giant Super Markets, Inc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606, 614 (E.D.La. 1980) ("defendant overlooks the fact that any case removed to federal court must also comply with 28 U.S.C. Section 1441(a), i.e., the suit must be originally cognizable in a federal district court-only then will the provisions of Section 1441(b) become operative. In other words, the provision in Section 1441(b) does not qualify the requirement in Section 1441(a) that there must be complete diversity between the opposing parties; it merely adds the requirement in removal cases based on diversity that the joined and served defendants cannot include one from the state in which the action is brought"); *Zaini v. Shell Oil Co.*, 853 F. Supp. 960 (S.D. Tex. 1994); *Pecherski v. General Motors Corp.*, 636 F. 2d 1156, 1160 (CA8 1981) ("Despite the 'joined and served' provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal").

Because complete diversity is not present under § 1332(a), the case is not removable under § 1441(a), and the restriction on removals contained in § 1441(b)(2) is not relevant. Subsection (b)(2) does not provide new grounds for removal that did not otherwise exist, nor does it create additional jurisdiction. If the defendants were correct about this, virtually any state court lawsuit would be removable, so long as the removal were filed before service.

D.  *Texas Brine Does Not Overrule Deshotel*

The defendants claim that this removal is authorized by *Texas Brine Co. v. American Arbitration Ass'n*, 955 F.3d 482 (CA5 2020). They are wrong. In *Texas Brine*, diversity was complete. The federal courts therefore could exercise jurisdiction, and the only question was whether a "snap removal" was permitted in such a case- that is, whether § 1441(b)(2) allowed a non-forum state defendant to remove the suit to federal court, before a forum-state defendant was served with the lawsuit. The court approved "snap removals" in such cases- but only in cases where diversity exists.

The court in *Texas Brine* started, correctly, with the question of diversity. Only after answering that question did they discuss removability:

> We begin by recognizing that the forum-defendant rule is a procedural rule and not a jurisdictional one. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009). Here, the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff. *Id.* at 393-94. The plaintiff is a Texas limited liability company. The defendants are a New York corporation (the AAA) and two individual citizens of Louisiana (DiLeo and Minyard). Thus, there is no jurisdictional defect under 28 U.S.C. § 1332(a).

*Texas Brine*, at 485.

As the court carefully went on to explain, its ruling had nothing to do with expanding jurisdiction. "When the AAA filed its notice of removal, the case was "otherwise removable" — as required by Section 1441(b) — because the district court has original jurisdiction of a case initially filed in Louisiana state court in which the parties are diverse. § 1441(a); § 1332(a)." *Texas Brine*, at 486.

But in our case, complete diversity is <u>not</u> present. There is a jurisdictional defect, fatal and incurable, that prevents a federal court from exercising jurisdiction over this case.

We know of no case that has misread *Texas Brine* in the way the defendants are doing here. The cases we have seen, all go the opposite way. See, *Coleman v. Lowe's Home Centers*, No. 1:20-CV-00804 (W.D. La. Mar. 5, 2021), 2021 WL 1115579 (following *Deshotel*, and holding that *Texas Brine* does not authorize removal where diversity is incomplete, regardless of whether in-state defendant has been served); *Bingabing v. Estate of Warren*, No. 3:20-cv-0951-B (N.D. Tex. Jul. 6, 2020) 2020 WL 3639662 (*Texas Brine* has no impact on *Deshotel*, and remanding a case where diversity was incomplete- "it is of no importance for jurisdictional purposes that [an in-state defendant] was not served when removal occurred").

### *E. Alternative Argument- Even In Case of Conflict, Deshotel Controls Over Texas Brine, As The Earliest Panel Opinion*

*Texas Brine* is consistent with *Deshotel*. But in the alternative, even if *Texas Brine* did conflict with *Deshotel*, *Deshotel* must be followed until overruled by an en banc decision of the Fifth Circuit, because *Deshotel* was a panel decision decided long before the panel decision in *Texas Brine*.

Panel decisions in the Fifth Circuit cannot overrule each other. If two panel decisions of the Fifth Circuit conflict, the earlier controls. *Thompson v. Dallas City Attorney's Office*, 913 F.3d 464, 467-68 (CA5 2019). Where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or the Fifth Circuit en banc). *Rios v. City of Del Rio*, 444 F. 3d 417, 425 n. 8 (CA5 2006).

So even if *Deshotel* and *Texas Brine* did conflict, this Court must follow *Deshotel* because it came first.

**Conclusion**

Complete diversity is not present. This case could not have been filed originally in federal court due to the lack of complete diversity. It is not removable, regardless of whether the non-diverse defendant has been served.

If the defendants could remove this case, diversity would have almost no limit. A federal court would have to hear a lawsuit between two *next door neighbors* where the plaintiff sues a neighbor and the neighbor's foreign insurer, so long as the insurer removed the case before the neighbor-defendant got served with the lawsuit.

That is not right. *Deshotel* holds that under 28 USC § 1332, diversity is determined by counting the citizenships of the named parties, not whether any of them were <u>served</u>. If there are plaintiffs and defendants from the same state, a federal court cannot exercise diversity jurisdiction. The only justification offered by the defendants for this removal, is a misreading of the removal statute that the courts have rejected.

This case must be remanded to state court.

Respectfully submitted:

<u>/s/Justin A. Reese</u>
Brian King, La. Bar #24817
Jason F. Giles, La. Bar #29211
Justin A. Reese, La. Bar #33635
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470
E-mail: bking@kinginjuryfirm.com