UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN LEVY | CIVIL ACTION |
| VERSUS | NO: 21-01993 |
| ZURICH AMERICAN INSURANCE COMPANY, et al. | SECTION: T (3) |

## ORDER

Before the Court is a Motion to Remand filed by Calvin Levy. R. Doc. 4. Defendant Zurich American Insurance Company has filed a response in opposition. R. Doc. 5. For the reasons set forth below, the Court will DENY the Motion to Remand.

Plaintiff moves to remand the instant case to state court for lack of diversity under 28 U.S.C. § 1332. He claims there was, and remains, a lack of diversity at the time of removal because at least one named, but non-served, defendant is a citizen of Louisiana, and therefor complete diversity does not exist.

Defendant counters that, in the wake of *Texas Brine Co., L.L.C. v. American Arbitration Association, Inc.*, 955 F.3d 482 (5th Cir. 2020), so-called snap removals are valid. Defendant asserts that removal in this case by Zurich American Insurance Company was proper according to § 1332(a). At the time of removal, the amount in controversy exceeded $75,000 and the only properly joined and named defendant in the state court action was Zurich American, who was diverse. Removal was proper, Defendant argues, because the case could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a).

Plaintiff counters that *Texas Brine* is factually distinct from the instant case. Plaintiff

1

contends diversity in *Texas Brine* was complete and therefore the federal court could exercise its jurisdiction.

A snap removal is one in which an out-of-state defendant served with process can immediately remove to federal court before in-state defendants are served to circumvent the forum-defendant rule. *Texas Brine*. In *Texas Brine*, the 5th Circuit held that a non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be properly joined and served is a citizen of the forum state. Defendant argues this is the situation presented in the instant case because, at the time of removal, the diversity-destroying defendants had not been properly served. Therefore, their citizenship was irrelevant.

Defendant points to *Richey v. Walmart Stores, Inc.*, 390 F. Appx. 375 (5th Cir. 2010), for illustration that the 5th Circuit has ruled in favor of denying motions to remand in similar cases. In *Richey*, the court held that the district court was correct in denying a motion to remand because, at the time of removal, the plaintiff and defendant were diverse. It did not matter that a later non-diverse defendant was added post-removal. Defendants point to two other circuit courts that have held snap removals to be authorized by the plain meaning of § 1441(b)(2)'s "properly joined and served" requirement. *See Encompass Insurance Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153-54 (3rd Cir. 2018); *Gibbons v. Bristol Myers Squibb Co.*, 919 F.3d 699, 704-07 (2nd Cir. 2019). More recently, courts in this district have agreed: "The Fifth Circuit's ruling in *Texas Brine* has been upheld in the Eastern District of Louisiana." *Chastain v. New Orleans Paddlewheels, Inc.*, C/A No: 21-1581, rec. Doc. 13, pp. 9-10 (Vitter, J.). Defendant argues the *Texas Brine* decision should be followed in the instant case. At the time of removal, the only "properly joined and served" defendant was diverse from Plaintiff.

2

The 5th Circuit appears to have sanctioned the possibility that a non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state. This approach is facially consistent with 28 U.S.C. § 1441 (b)(2), which states,

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The record reveals that Plaintiff had not served Dynamic Energy Services International LLC or Emile Dumesnil prior to Zurich American's removal to federal court. Thus, these "diversity-defeating" defendants had not been "properly joined *and* served" (emphasis supplied). The Court will therefore follow the 5th Circuit's approach in *Texas Brine* and deny the motion to remand.

Accordingly,

**IT IS ORDERED** that the Motion to Remand filed by Plaintiff is DENIED.

New Orleans, Louisiana, this 30th day of September 2022.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE